**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELICIA AKUA AWUDZA,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES JANECKA, ET AL.,<br><br>        Respondents. | No. CV 26-5757-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

Petitioner, previously an immigration detainee, filed a "Petition for Writ of Habeas Corpus" ("the Petition") on May 29, 2026.  The Petition prayed for, <u>inter alia</u>, immediate release from detention.

On June 5, 2026, Respondents filed a "Notice of Petitioner's Removal from United States and Suggestion of Mootness."  According to this Notice, Petitioner was removed from the United States on May 29, 2026.

On June 5, 2026, the Magistrate Judge ordered that, on or before June 12, 2026, "Petitioner shall show cause, if there be any, why this case should not be dismissed without prejudice as moot.  Failure timely to do so may be construed as consent to such a dismissal." Petitioner failed to file any timely response to the June 5, 2026 Order.

This case is dismissed without prejudice.  Petitioner's apparent challenge to her former immigration detention, and her request for release therefrom, are moot.  A federal court's jurisdiction is limited to cases or controversies.  U.S. Const. art. III, § 2; see also Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983).  "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  Church of Scientology of Calif. v. United States, 506 U.S. 9, 12 (1992) (citations and quotations omitted).  The "case and controversy" requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceeding.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  "This means that, throughout the litigation, the [party seeking relief] must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Id. (citation and quotations omitted).  Petitioner no longer is in immigration detention.  Thus, the Petition no longer presents a live controversy.  See United States v. Geophysical Corp., 732 F.2d 693, 698 (9th Cir. 1984) ("A claim is moot if it has lost its character as a present, live controversy."); see also Machuca-Tellez v. Holder, 388 Fed. App'x 609, 610 (9th Cir. 2010) (section 2241 petition challenging immigration detention mooted by petitioner's  removal from the United States); Carpio v. Dep't of Homeland Sec., 2020 WL 7418966, at *1 (C.D. Cal. Mar. 13, 2020) (same).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 15, 2026.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE